[Doc. Nos. 12, 19]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DARRYL MURRAY,<br><br>      Plaintiff,<br><br>  v.<br><br>PINNACLE FOODS CORPORATION OF DELAWARE, et al.,<br><br>      Defendants. | Civil No. 08-647 (RMB) |

**OPINION AND ORDER**

    This matter is before the court on plaintiff's "Motion for Leave to File Third Supplemental Complaint." [Doc. No. 12]. In addition to holding oral argument on plaintiff's motion, the Court has received defendant's Opposition with its Cross Motion for Sanctions [Doc. No. 19], plaintiff's Reply [Doc. No. 20], defendant's May 8, 2008 letter [Doc. No. 23], plaintiff's May 12, 2008 letter [Doc. No. 22], defendant's May 14, 2008 letter [Doc. No. 23], and plaintiff's May 28, 2008 letter. [Doc. No. 24]. For the reasons to be discussed, plaintiff's motion and defendant's cross-motion are DENIED.

Background

    Although the underlying facts in dispute are relatively straightforward, this case has a long and complicated procedural history which must be summarized in detail in order to put plaintiff's motion in context. In October 2004 plaintiff entered into a "Consulting and Confidentiality Agreement" with Pinnacle

Foods Corporation ("Pinnacle") to provide computer programming services. Pinnacle terminated plaintiff's employment in November 2004. Thereafter, plaintiff filed three separate complaints arising out of his termination. Plaintiff's first complaint was filed in January 2005 in the Superior Court of New Jersey, Law Division, Camden, New Jersey against Pinnacle and four (4) individual defendants. (Hereinafter "Camden County" action). See Defendant's Exhibit ("Deft. Exh.") 3. (As will be discussed, the only remaining defendant in the case is Pinnacle. All references to "defendant" shall refer to Pinnacle). The discovery deadline in the Camden County action expired on September 12, 2005. On November 7, 2005, after an award was issued in plaintiff's favor in a non-binding arbitration, plaintiff appealed the award.

In the Camden County action plaintiff objected to numerous rulings of the court including discovery orders, the denial of his motion to amend the pleadings, and the granting of the individual defendants' motions for summary judgment. As to discovery, plaintiff served defendant with document requests in August, 2005, which defendant answered on October 27, 2005. After plaintiff deemed the answers to be deficient, he filed a motion to strike defendant's answer to the complaint which was denied on November 4, 2005. On January 6, 2006, the court granted the motions for summary judgment filed by the four individual defendants. After the motions were granted defendant produced documents to plaintiff on August 7 and November 2, 2006. (Defendant produced additional

2

documents in plaintiff's Burlington County action (BURL-L-3456-06) on April 26, 2008 and March 3, 2008).

On March 21, 2006, plaintiff filed a motion for leave to amend his Camden County complaint to add a claim of fraudulent concealment.  The motion was denied on April 28, 2006.  (Deft. Exh. 17).   The transcript of the court's ruling (Plaintiff's Certification ("Pltf. Exh.") Exhibit B) reflects that the court denied plaintiff's motion to amend because it would cause "undue delay" and interfere with the then scheduled May 8, 2006 trial. See id. at 5:14-22.  Plaintiff's motion for reconsideration of the order was denied on June 9, 2006.  (Deft. Exh. 19).  The Appellate Division and Supreme Court denied plaintiff's appeals of the order denying his request to amend.  (Defendant's Brief ("Db") at 6).  In December 2006, plaintiff filed an action in Burlington County (BUR-L-3456-06) against Pinnacle and Jose Acosta, a Pinnacle employee who took over plaintiff's work.  Plaintiff's fraudulent concealment count against Pinnacle in that case was dismissed.  (Db at 10). Plaintiff thereafter voluntarily dismissed the case against Acosta. (Deft. Exh. 34).  In June 2007, plaintiff filed another complaint against Pinnacle and Donna M. Wynn in Burlington County (BUR-L-15260-07).  These claims were dismissed via summary judgment on October 22, 2007. (Deft. Exh. 36).

On January 2, 2008, with leave of court, plaintiff filed an amended complaint in his Camden County action in which he added a federal claim of race discrimination in violation of 42 U.S.C.

3

§1981. Defendant thereafter removed to this court plaintiff's Camden County action that was pending since January 2005. After the case was removed, plaintiff filed the present motion to amend to add a fraudulent concealment claim against defendant. This is the same motion that was denied in the Camden County action on April 28, 2006. The gravamen of plaintiff's claim is that defendant fraudulently concealed relevant discovery in the Camden County action. ("Defendant Pinnacle has intentionally withheld, altered and/or destroyed the concealed evidence with purpose to disrupt this litigation and to increase the cost of litigation." See Exhibit A to Plaintiff's Brief ("Exhibit A"), Proposed Verified Third Supplemental Complaint at ¶15). [Doc. No. 12-4]. In response to plaintiff's motion, defendant argues that since plaintiff's request to pursue his fraudulent concealment claim was rejected in the Camden County action (and his two Burlington County cases), this Court should also deny plaintiff's request.

Plaintiff's Request to Amend

The Court will first address defendant's argument that plaintiff's proposed amendment should be denied because the same request was denied in the Camden County action. The resolution of this issue depends upon whether the Camden County order denying the amendment is binding in this court.

After a state court action is removed to federal court the "case will then proceed as if it had been brought in the federal court originally." Tehan, D.M.D. v. Disability Mgmt. Servs., Inc.,

111 F. Supp. 2d 542, 547 (D.N.J. 2000)(citations omitted). As to orders that were previously entered in the state case, they remain in full force and effect until dissolved or modified by the district court. 28 U.S.C. §1450. This statute does not set forth the standard a federal court should apply to determine if it should dissolve or modify orders or judgments entered in a state case. Tehan, supra. "Instead, the orders or judgments entered by the state court prior to removal should be treated as orders or judgments entered by the district court." Id. This means that a district court has the power to enforce, continue or modify orders of the state court as it would any such order it might itself have entered. Id. See also James Wm. Moore, Moore's Federal Practice, §107.31[3] (3d ed. 2008) ("[i]n general, the federal court takes the case on removal exactly as the case stood in state court. Accordingly, the state court pleadings, any discovery had, orders entered, or proceedings will be presumed valid by the district court." Also stating, "[s]tate court rulings (including discovery orders and all other orders up to and including judgment) remain in effect until modified or supplanted by the federal court").

    The state court's April 28, 2006 order denying plaintiff's motion to amend was interlocutory. An interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although a court has the power to revisit prior decisions, it should hesitate to do so absent a change in

5

circumstances such as when new evidence is available.  See Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d Cir. 1997).  The Court has reviewed the transcript of the April 28, 2006 oral argument denying plaintiff's motion to amend.  (Pltf. Exh. B).  It is plain to this Court that the justification for denying plaintiff's motion was that the motion was filed after the discovery deadline expired and shortly before the then scheduled May 8, 2006 trial date.  As a result of these scheduling issues, the state court did not address the merits of plaintiff's fraudulent concealment claim but instead denied plaintiff's amendment as untimely.  Now that the case has been removed to federal court where a new discovery deadline and trial date will be set, the justification for denying plaintiff's request to amend on timeliness grounds is no longer compelling.[1]  Therefore, the Court rejects defendant's argument that the prior state court order denying plaintiff's motion to amend  compels the denial of  the instant motion.  Rather, because the compelling reason for denying plaintiff's motion to amend in state court no longer exists, the Court will address the merits of plaintiff's

---

[1] Plaintiff is entitled to discovery in this case because he has not yet had an opportunity to conduct discovery on his race discrimination claim.  After the claim was added to the case defendant removed the action to federal court.  Further, plaintiff did not have an opportunity to pursue discovery regarding defendant's most recent document productions.  This Court will set appropriate discovery deadlines in an upcoming Scheduling Order.

6

motion anew.[2]

Nonetheless, simply because the Court will address the merits of plaintiff's motion does not mean that the motion will be granted.  The Court is simply ruling that the state court's order denying plaintiff's motion to amend does not mandate that this Court follow the ruling.  In fact, as will be discussed, this Court denies plaintiff's motion.

The general standard for evaluating plaintiff's motion to amend was set forth by this Court in Collins v. County of Gloucester, C.A. No. 06-2589(JS) 2008 WL 1374213 (D.N.J. April 9, 2008).  Leave to amend shall be freely given in the absence of undue delay, bad faith or dilatory motives on part of the movant, repeated failure to cure deficiencies or futility of the amendment. Id. at *2 (citations omitted).  The Court finds that promptly after this action was removed to federal court plaintiff filed his motion to amend.  The Court also finds that plaintiff's motion was not filed in bad faith, plaintiff does not have dilatory motives, and plaintiff has not previously attempted to amend his complaint in this court.  Thus, the only viable basis to deny plaintiff's motion is if it is futile.

In determining the futility of an amendment the Court applies the same standard of legal sufficiency as applies under Fed. R.

---

[2]The Burlington County courts and the New Jersey Appellate Division and Supreme Court also did not address the merits of plaintiff's fraudulent concealment claim.

Civ. P. 12(b)(6).  Id.  The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233(3d Cir. 2008)(quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 274 n.7 (3d Cir. 2002)); Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001).  A motion to dismiss may be granted, or in this case a proposed amendment deemed futile, only if it is clear that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs ... could, upon a trial, establish a case which would entitle them to ... relief."  Phillips, 515 F.3d at 233 (quoting Bell Atlantic Corp. v. Twombly,      U.S.     , 127 S.Ct. 1955, 1969 n.8,(2007)).

In Rosenblit v. Zimmerman, 166 N.J. 391 (2001), the New Jersey Supreme Court discussed the tort of fraudulent concealment of evidence and identified five (5) essential elements of the claim: (1) the defendant had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) the evidence was material to the litigation; (3) plaintiff could not reasonably have obtained access to the evidence from another source; (4) defendant intentionally withheld, altered or destroyed the evidence with the purpose to disrupt the litigation; and (5) plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain evidence defendant concealed.  Id. at

8

406.

Plaintiff argues defendant fraudulently concealed the documents it produced subsequent to September 12, 2005. Based upon the holding in Rosenblit, plaintiff's fraudulent concealment claim is futile because plaintiff obtained before trial the allegedly withheld documents. Id. at 408. As noted by the New Jersey Supreme Court, a fraudulent concealment action "cannot be maintained when the evidence the spoliator sought to hide or destroy has come to light in time for the underlying litigation." Id. Since the documents plaintiff points to will be "fully aired" during this litigation, the outcome in this case "could not ... [be] affected by the [alleged] attempted spoliation," and there is no basis for a fraudulent concealment claim. Id.

Plaintiff argues that even though defendant produced the documents he requested he is still prejudiced because he has to rely on an incomplete evidential record (see Exhibit A at ¶16), he has incurred unnecessary legal fees (id. at ¶17), and he has been denied a fair opportunity to identify and retain computer experts (id. at ¶18). Plaintiff, however, should recognize that this Court will afford him an opportunity to conduct relevant discovery and to seek appropriate sanctions for discovery abuses, if warranted. The Court recognizes that after the September 12, 2005 close of discovery in the state case defendant produced additional documents. As a result, if the documents are relevant to the issues in the case, a ruling the Court is not addressing at this

9

time, plaintiff will be given a fair opportunity to conduct additional discovery relating to the documents. (The Court will not permit duplicative discovery or discovery that should have been taken in the state case). Plaintiff is also entitled to discovery on his race discrimination claim which was not addressed in the Camden County action. In addition, if warranted, the Court will entertain plaintiff's application for discovery sanctions. Also, if relevant, the Court will afford plaintiff a fair opportunity to retain a computer expert to address the issues raised by defendant's latest document productions. Plaintiff will also be permitted to explore in discovery his claim that defendant destroyed relevant evidence. At this time, plaintiff's argument that defendant intentionally destroyed documents is based on mere conjecture. If facts exist to support plaintiff's claim that defendant is withholding relevant documents, plaintiff may apply for sanctions. This discussion makes it clear, therefore, that plaintiff will not be prejudiced because defendant produced documents after the fact discovery deadline expired in the Camden County action.

A second reason why plaintiff's motion is denied is because it does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). In <u>Bell Atlantic Corp. v. Twombly,</u> ___ U.S. ___, 127 S. Ct. 1955 (2007), the Supreme Court addressed the pleading requirements of this Rule. Pursuant to Rule 8(a)(2), a complaint must contain "a short plain statement of the claim showing that the

pleader is entitled to relief." The Supreme Court stated that the threshold requirement of Rule 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 127 S.Ct. at 1966. The Court also held that a complaint does not have to include detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 1964-65. Further, "[w]hile Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,' the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1265). In Phillips, the Third Circuit interpreted Twombly as holding that, "'a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id.

Plaintiff's claim for fraudulent concealment fails to meet the requisite pleading requirements under Rule 8(a)(2) and Twombly. Plaintiff's complaint contains only conclusory labels and no facts to support his entitlement to relief. Paragraph 15 of the proposed complaint simply states, "Defendant Pinnacle has intentionally

11

withheld, altered and/or destroyed the concealed evidence with purpose to disrupt the litigation and to increase the cost of litigation." In assessing whether plaintiff's fraudulent concealment claim is futile, the Court is left to speculate as to the facts plaintiff relies upon. Quite simply, plaintiff's complaint does not contain any facts to support his claim. Instead, the pleading merely contains conclusory statements and labels that are not sufficient to support a cause of action. See Twombly, supra at 1265; Phillips, supra at 234.

The Court is aware that plaintiff is arguing that defendant still has not produced relevant requested documents. However, not every discovery dispute translates into a fraudulent concealment claim. No facts have been pleaded or identified to support plaintiff's argument that defendant "intentionally withheld, altered or destroyed" relevant evidence. Nonetheless, plaintiff will be given a fair opportunity to conduct relevant discovery and to get to the bottom of whether additional relevant documents should be produced. If justified in the future, plaintiff may also amend his proposed Third Supplemental Complaint to meet the applicable pleading requirements.

Defendant's Cross-Motion for Sanctions

In order to obtain Rule 11 sanctions defendant must prove that plaintiff's motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. Pegasus Consulting Group v. Admin. Review Bd. for the Dept. of Labor,....,

12

C.A. No. 05-5161 (FLW), 2008 WL 920072, at *7 (D.N.J. March 31, 2008). Rule 11 sanctions are based on "an objective standard of reasonableness under the circumstances." Id. (citations omitted). These sanctions are reserved for "only exceptional circumstances in which the claim or motion is patently unmeritorious or frivolous." Id. This burden cannot be met here. For reasons already explained, plaintiff had a reasonable basis to file his motion to amend even though the same motion was denied in state court. Plaintiff could reasonably believe that changed circumstances existed (e.g., the necessity to set a new trial date and defendant's recent document productions) to provide a basis for this Court to grant plaintiff's proposed amendment. As noted, none of the courts that previously denied plaintiff's amendment addressed defendant's recent document productions or the merits of plaintiff's fraudulent concealment claim. The state court denied plaintiff's motion to amend because the motion was filed after the then existing discovery deadline expired and right before a scheduled trial date. Further, simply because this Court denied plaintiff's motion to amend does not mean that Rule 11 sanctions are warranted. For all the reasons discussed, the Court finds that defendant's request for Rule 11 sanctions is denied.

Conclusion

In conclusion, and for all of the foregoing reasons,

IT IS hereby ORDERED this 27th day of June, 2008, that plaintiff's Motion to Amend is DENIED. The Court finds that

13

plaintiff's fraudulent concealment claim based on documents defendant already produced is futile.  As to documents that have not been produced, plaintiff's motion is DENIED WITHOUT PREJUDICE; and

    IT IS FURTHER ORDERED that defendant's Cross-Motion for Sanctions is DENIED.


                                                     s/Joel Schneider
                                                     JOEL SCHNEIDER
                                                     United States Magistrate Judge